**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>POLICIA DE PUERTO RICO,<br><br>    Defendants. | CIV. NO. 10-2157(PG) |

**OPINION AND ORDER**

Pending before the Court are Defendants' the Commonwealth of Puerto Rico and its agency, the Puerto Rico Police Department ("PRPD"), "Motion for Judgment on the Pleadings" (Docket No. 43) and "Emergency Motion to Dismiss Pursuant to a Waiver Agreement Signed by Figueroa" (Docket No. 60).

**I. BACKGROUND**

This is an action brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"). In this Complaint, the Plaintiff seeks redress for the alleged sexual harassment, sex discrimination, retaliation, hostile work environment, unlawful employment termination, and other discriminatory practices that Agent Investigator Sofía Figueroa Rossy ("Figueroa"), a female sworn officer in PRPD's Sex Crimes Division, suffered during the course of her employment with the PRPD. See, Docket No. 1.

Ms. Figueroa began her employment with the PRPD on or about September 10, 1993. See, Docket No. 39, Exhibit 1.

On November 3, 2008, Ms. Figueroa filed a charge of discrimination with the Equal Opportunity Commission ("EEOC"), Charge No. 515-2009-00063, alleging, among other things, that the PRPD retaliated against her when she engaged in activity protected under Title VII. See, Docket No. 39, Exhibit 1. Specifically, Ms. Figueroa claims that she made a sexual harassment claim against her supervisor, Sgt. Simara Torres ("Torres") to Capt. Gustavo Collazo ("Collazo"). According to Figueroa, rather than investigating the sexual

harassment complaint against Torres, Collazo transferred her to another division. See, Docket No. 39, Exhibit 1.

On August 21, 2009, the EEOC issued its determination finding reasonable cause to believe that a violation of Title VII had occurred. After failing to achieve a voluntary resolution of the charge through conciliation, the EEOC referred the charge to the United States Department of Justice. See, Docket No. 1.

Consequently, the United States filed the instant Complaint on November 30, 2010. See, Docket No. 1.

On October 24, 2011, Ms. Figueroa filed an Intervenor Complaint. See, Docket No. 31. This Court granted Figueroa's request as to her Title VII claims. See, Docket No. 33.

While the present action was pending, Ms. Figueroa decided to participate in the Incentives, Retirement and Re-Training Program instituted pursuant to Public Law No. 70 of July 2, 2012. The Program gave public employees the chance to retire in advance of their scheduled retirement. See, Docket No. 67, Exhibit 1.

As part of the orientation for participants of the program, on June 3, 2012, Ms. Figueroa received and signed a document titled Election Form. See, Docket No. 67, Exhibit 1.

Meanwhile, on June 6, 2012, Defendants filed a Motion for Judgment on the Pleadings (Docket No. 43). In their Motion, Defendants posit that the United States has failed to state a claim upon which relief should be granted because Plaintiff's claim is time-barred. Plaintiff timely opposed Defendant's Motion (Docket No. 54).

Then, on August 24, 2012, Defendants filed an "Emergency Motion to Dismiss Pursuant to a Waiver Agreement Signed by Figueroa" (Docket No. 60). Plaintiff opposed the Motion shortly thereafter (Docket No. 71).

On October 15, 2012, the parties attended a Status Conference where they each discussed the merits of the pending motions and their respective positions.

## II. STANDARD OF REVIEW

**A. Motion for Judgment on the Pleadings**

CIV. NO. 10-2157(PG)                                                    Page 3

    Rule 12© of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." "The standard for evaluating a motion to dismiss is the same as that for a motion for judgment on the pleadings." Remexcel Managerial Consultants, Inc. v. Arlequín, 583 F.3d 45, 49 n. 3 (1st Cir.2009); see also Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir.2007). Therefore, "[t]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir.2005) (quoting Rivera-Gómez v. de Castro, 843 F.2d 631, 635 (1st Cir.1988)). "[T]o survive a motion to dismiss (or a motion for judgment on the pleadings), the complaint must plead facts that raise a right to relief above the speculative level, … , such that the entitlement to relief is plausible … ." Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir.2009) (internal citations omitted).

**B. Motion to Dismiss**

    "The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

    Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Courts "may augment the facts in the complaint by reference to (I) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v.

CIV. NO. 10-2157(PG)                                                    Page 4

Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

   Moreover, the Supreme Court has held that "to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

**A. Whether the Action is Time-Barred**

   In their Motion for Judgment on the Pleadings (Docket No. 43), Defendants argue that the Complaint fails to state a claim upon which relief should be granted because the Title VII claim is time-barred. Defendants point to 42 U.S.C. §2000e-5(e)(1) which states that, before filing suit in federal court, a plaintiff must file a charge with the EEOC within 180 days after the alleged unlawful employment practice took place. However, according to the referenced provision "if the person aggrieved has initially instituted proceedings with

CIV. NO. 10-2157(PG) Page 5

a State or local agency with authority to grant or seek relief from such practice," then the claimant has 300 days from the alleged discriminatory conduct to initiate his claim. See, 42 U.S.C. §2000e-5(e)(1).

Defendants assert that the 300-day statute of limitation does not apply to the case at hand because the PRPD is not an agency or instrumentality of the Government of Puerto Rico that operates as a private business or enterprise. Hence, they conclude, the EEOC filing deadline for a retaliation claim against the PRPD is 180 days.

Accordingly, since Plaintiff filed her claim on November 3, 2008, that is, 271 days after the alleged transfer took place, Defendants assert that the claim is time-barred under the applicable 180-day statute of limitations.

For its part, Plaintiff refutes that the action is time-barred. It argues that, for a couple of months after Ms. Figueroa filed her sexual harassment complaint, the PRPD engaged in additional retaliatory acts such as failing to keep confidential MS. Figueroa's sexual harassment claim and forcing her to work in close proximity to her alleged harasser. According to Plaintiff, these additional acts are reasonably related to and grew out of Ms. Figueroa's EEOC charge and thus form an actionable pattern of retaliation by the PRPD. See, pg. 7 of Docket No. 54.

In any case, it adds, even if the Court finds that the retaliation claim in Ms. Figueroa's EEOC charge is untimely, the doctrine of equitable tolling applies in this case. Citing to Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147 (1984)[1], Plaintiff asserts that two of the four instances in which equitable tolling may be appropriate in a Title VII suit are present in this case. See, pg. 11 of Docket No. 54.

Firstly, Plaintiff argues that the "general confusion about the proper charge-filing period for Title VII claims in Puerto Rico" was the main reason behind Ms. Figueroa receiving an "inadequate notice of the statute of limitations." Moreover, Plaintiff claims, the fact that the EEOC "never told

---

[1] Pursuant to the ruling in Baldwin Cnty., equitable tolling in a Title VII suit may be applied in the following cases: "(1) the plaintiff received inadequate notice of the statute of limitations; (2) a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; (3) the court [has] led the plaintiff to believe that she has done everything required of her; (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." 466 U.S. at 151.

CIV. NO. 10-2157(PG)                                                    Page 6

her (Figueroa) that her charge was untimely" caused Ms. Figueroa to detrimentally rely on erroneous information to proceed with her claim.

Secondly, Defendants contend that the primary reason for Ms. Figueroa's delay in initiating an administrative claim before the EEOC was the PRPD's conduct following her sexual harassment complaint. Particularly, that the PRPD engaged in subsequent retaliatory acts such as failing to conduct an investigation as required by PRPD's Regulations; involuntarily transferring Ms. Figueroa into another unit; disclosing confidential details of Ms. Figueroa's sexual harassment complaint, among others. According to Defendants, such actions constitute an "affirmative misconduct" that "lulled the plaintiff into inaction." It wasn't after Ms. Figueroa realized that "PRPD's lengthy and ineffective internal procedures would not provide the necessary relief she was seeking" that she filed her claim before the EEOC. See, Docket No. 43.

Ms. Figueroa's charge of discrimination before the EEOC was based on the PRPD's alleged retaliation against her when she engaged in activity protected under Title VII. See, Docket No. 1, paragraph 5. Ms. Figueroa points to the theory of continuing violations, which applies when a plaintiff alleges repetitive instances of discrimination perpetuated over time. Title VII recognizes that certain violations are continuing in nature. "In these instances, discriminatees can file charges at any time up to 180 days after the violation ceases." United Airlines, Inc. v. Evans, 431 U.S. 553,562 (1977).

Accepting all of Plaintiff's well-pleaded factual averments as true and drawing all reasonable inferences in her favor-- as required when examining Motions for Judgment on the Pleadings-- this Court finds that the PRPD's actions form a pattern of continuing violations. Here, Ms. Figueroa's claims are based on a continuing violation manifested in a number of incidents that are asserted to have occurred within the 180-day statutory period.

As such, Ms. Figueroa's action is not time-barred and Defendants' Motion for Judgment on the Pleadings is DENIED.

**B. Request for Dismissal pursuant to Waiver Agreement**

Plaintiffs further posit that, on May 24, 2012, Figueroa knowingly and voluntarily entered into an early retirement program created by virtue of Law No. 70 of July 2, 2010 ("Law No. 70"). One of the documents that Figueroa

signed, titled "Employee Election," contains a waiver "of all claims actual or potential, based on: (1) employment relationship and/or termination of the same, under any applicable law and/or (ii) actions, if any, that could be considered as a consequence of the implementation of Law No. 70."

Furthermore, the waiver states: "This waiver will have the effect of a total settlement of any claim or right, actual or potential, known or unknown, that the employee has, could have or had, related to the employment and/or the termination of employment. The effect of this release and waiver of rights will be of res judicata." Consistent with the terms of the Program, Ms. Figueroa started to receive a monthly retirement compensation of $1,271.25, effective June 1, 2012.

It is Defendants' position that Ms. Figueroa "waived her rights to sue under Title VII knowingly, voluntarily and intelligently" and that such waiver extends to the United States, thus preventing it from pursuing the instant claim on behalf of Ms. Figueroa. See, Docket No. 60.

Plaintiff replies that Title VII vests the United States, through the Department of Justice, with the authority to file and prosecute the suit against the PRPD to enforce the statute. Furthermore, it states, the United States is not bound by private agreements, such as the alleged waiver signed by Ms. Figueroa.

According to Plaintiff, there is a controversy as to whether the waiver was knowing and voluntary. In fact, Plaintiff claims that even if the Commonwealth can prove that it was, that does not affect the United States' rights to get full discovery on its claims.

After examining the parties' arguments, the Court agrees with Plaintiff's proposition. In EEOC v. Waffle House, Inc. 534 U.S. 279 (2002), the Supreme Court expressed that when the EEOC files suit in employment discrimination cases against state and local governments, it is "the master of its own case." See, Waffle House, 534 U.S. at 291. The case law cited by Plaintiff, Waffle House and its progeny, discernibly holds that the EEOC, and by extension, the Department of Justice, is a separate party and has distinct interests aside from the individual.

Hence, the United States has independent authority to bring the present suit and its recovery would only be limited if Ms. Figueroa failed to mitigate her damages or if she accepted a monetary settlement. As the Waffle House

court expressed: "To the extent that the EEOC is seeking victim-specific relief in court for a particular employee, it is able to obtain no more relief for that employee than the employee could recover for himself by bringing his own lawsuit" so as to "preclude double recovery." See, Waffle House, 534 U.S at 305.

Moreover, the United States is not bound by the alleged waiver signed by Ms. Figueroa because it is not a party to the agreement. See, Waffle House, 534 U.S at 294, ("[A] contract cannot bind a nonparty.") In Waffle House, the Supreme Court held that the EEOC was not bound by an employer-employee arbitration agreement. Therefore, unlike Defendants' assertion, the United States is not bound by the waiver signed by Ms. Figueroa.

In light of these determinations, Defendants' request for dismissal is DENIED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, December 18, 2012.

                              S/ JUAN M. PEREZ-GIMENEZ
                              JUAN M. PEREZ-GIMENEZc
                                U.S. DISTRICT JUDGE